1  Janine D. Bloch, (SBN 148377)
   D. Lilah Blinder, (SBN 203594)
2  PRESTON GATES & ELLIS LLP
   55 Second Street, Suite 1700
3  San Francisco, California  94105-3493
   Telephone:   (415) 882-8200
4  Facsimile:    (415) 882-8220

5  Attorneys for Plaintiff
   Socle Technology Corporation, a corporation
6  organized and existing under the laws of Taiwan

7

8
                   **UNITED STATES DISTRICT COURT**
9
                   **NORTHERN DISTRICT OF CALIFORNIA**
10

11 Socle Technology Corporation, a corporation
   organized and existing under the laws of
   Taiwan,                                           Case No. C 04 5498 EDL
12
                                    Plaintiff,       **STIPULATED PROTECTIVE ORDER**
13                                                   **REGARDING CONFIDENTIAL**
           v.                                        **INFORMATION**
14
   Mai Logic, Inc., a California Corporation,
15
                                    Defendant.
16

17 Mai Logic, Inc.
                            Counterclaimant,
18
           v.
19
   Socle Technology Corporation,
20
                            Counterdefendant.
21

22

23     WHEREAS, it is desirable for Plaintiff Socle Technology Corporation ("Socle") and

24 Defendant Mai Logic, Inc. ("Mai Logic") (collectively referred to herein as the "Parties"), and their

25 respective counsel, to coordinate their efforts and to exchange information for purposes of this

26 lawsuit, United States District Court, Northern District of California Case No. C 04 5498 EDL ARB

27 (the "Litigation"); and

28

WHEREAS, information and documents which may be sought in connection with the Litigation are of a confidential nature including but not limited to financial and proprietary information of the Parties and/or third parties;

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party or Parties; any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material; all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items; information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.9.    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

1      Even after the termination of this litigation, the confidentiality obligations imposed by this
2  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order
3  otherwise directs.

4      5.    DESIGNATING PROTECTED MATERIAL

5      5.1   Exercise of Restraint and Care in Designating Material for Protection. Each
6  Party or non-party that designates information or items for protection under this Order must take
7  care to limit any such designation to specific material that qualifies under the appropriate standards.
8      If it comes to a Party's or a non-party's attention that information or items that it
9  designated for protection do not qualify for protection, that Party or non-party must promptly notify
10 all other parties that it is withdrawing the mistaken designation.

11     5.2   Manner and Timing of Designations. Except as otherwise provided in this
12 Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order
13 must be clearly so designated before the material is disclosed or produced.

14     Designation in conformity with this Order requires:

15         (a) for information in documentary form (apart from transcripts of depositions
16 or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"
17 at the top of each page that contains protected material.

18     A Party or non-party that makes original documents or materials available for inspection
19 need not designate them for protection until after the inspecting Party has indicated which material it
20 would like copied and produced. During the inspection and before the designation, all of the material
21 made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has
22 identified the documents it wants copied and produced, the Producing Party must determine which
23 documents, qualify for protection under this Order, then, before producing the specified documents,
24 the Producing Party must affix the legend "CONFIDENTIAL" at the top of each page that contains
25 Protected Material.

26         (b) for testimony given in deposition or in other pretrial or trial proceedings,
27 that the Party or non-party offering or sponsoring the testimony identify on the record, before the
28 close of the deposition, hearing, or other proceeding, all protected testimony."  When it is

1  impractical to identify separately each portion of testimony that is entitled to protection, and when it
2  appears that substantial portions of the testimony may qualify for protection, the Party or non-party
3  that sponsors, offers, or gives the testimony may have 10 days from the date the transcript is
4  received by the parties to identify the specific portions of the testimony as to which protection is
5  sought. Only those portions of the testimony that are appropriately designated for protection within
6  the 10 days shall be covered by the provisions of this Stipulated Protective Order.
7      Transcript pages containing Protected Material must be separately bound by the court
8  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by
9  the Party or non-party offering or sponsoring the witness or presenting the testimony.
10      (c) for information produced in some form other than documentary, and for
11  any other tangible items that the Producing Party affix in a prominent place on the exterior of the
12  container or containers in which the information or item is stored the legend "CONFIDENTIAL."
13      5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure
14  to designate qualified information or items as "Confidential" does not, standing alone, waive the
15  Designating Party's right to secure protection under this Order for such material. If material is
16  appropriately designated as "Confidential" after the material was initially produced, the Receiving
17  Party, on timely notification of the designation, must make reasonable efforts to assure that the
18  material is treated in accordance with the provisions of this Order.
19      6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS
20      6.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's
21  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
22  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive
23  its right to challenge a confidentiality designation by electing not to mount a challenge promptly
24  after the original designation is disclosed.
25      6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating
26  Party's confidentiality designation must do so in good faith and must begin the process by conferring
27  with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis
28  for its belief that the confidentiality designation was not proper and must give the Designating Party

1  an opportunity to review the designated material, to reconsider the circumstances, and, if no change
2  in designation is offered, to explain the basis for the chosen designation. A challenging Party may
3  proceed to the next stage of the challenge process only if it has engaged in this meet and confer
4  process first.

5        6.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a
6  confidentiality designation after considering the justification offered by the Designating Party may
7  file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if
8  applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.
9  Each such motion must be accompanied by a competent declaration that affirms that the movant has
10 complied with the meet and confer requirements imposed in the preceding paragraph and that sets
11 forth with specificity the justification for the confidentiality designation that was given by the
12 Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge
13 proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall
14 continue to afford the material in question the level of protection to which it is entitled under the
15 Producing Party's designation.

16     7.    ACCESS TO AND USE OF PROTECTED MATERIAL

17       7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
18 disclosed or produced by another Party or by a non-party in connection with this case only for
19 prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be
20 disclosed only to the categories of persons and under the conditions described in this Order. When
21 the litigation has been terminated, a Receiving Party must comply with the provisions of section 11,
22 below (FINAL DISPOSITION).

23    Protected Material must be stored and maintained by a Receiving Party at a location and in a
24 secure manner that ensures that access is limited to the persons authorized under this Order.

25       7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise
26 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
27 disclose any information or item designated CONFIDENTIAL only to:
28

1                         (a) the Receiving Party's Outside Counsel of record in this action, as well as
2 employees of said Counsel to whom it is reasonably necessary to disclose the information for this
3 litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached
4 hereto as Exhibit A;
5                         (b) the officers, directors, employees (including House Counsel) and former
6 employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and
7 who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);
8                         (c) experts (as defined in this Order) of the Receiving Party to whom
9 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be
10 Bound by Protective Order" (Exhibit A);
11                        (d) the Court and its personnel;
12                        (e) court reporters, their staffs, and professional vendors to whom disclosure is
13 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
14 Protective Order" (Exhibit A);
15                        (f) during their depositions, witnesses in the action to whom disclosure is
16 reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
17 (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal
18 Protected Material must be separately bound by the court reporter and may not be disclosed to
19 anyone except as permitted under this Stipulated Protective Order.
20                        (g) the author and/or recipient of the document or the original source of the
21 information.
22
23     8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
24 OTHER LITIGATION.
25     If a Receiving Party is served with a subpoena or an order issued in other litigation that
26 would compel disclosure of any information or items designated in this action as
27 "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing (by fax, if
28

possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>FILING PROTECTED MATERIAL</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected

1  Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or
2  capturing any of the Protected Material. With permission in writing from the Designating Party, the
3  Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether
4  the Protected Material is returned or destroyed, the Receiving Party must submit a written
5  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)
6  by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material
7  that was returned or destroyed and that affirms that the Receiving Party has not retained any copies,
8  abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected
9  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
10 pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,
11 even if such materials contain Protected Material. Any such archival copies that contain or constitute
12 Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION),
13 above.
14       12     MISCELLANEOUS
15            12.1     Right to Further Relief. Nothing in this Order abridges the right of any
16 person to seek its modification by the Court in the future.
17            12.2     Right to Assert Other Objections. By stipulating to the entry of this
18 Protective Order no Party waives any right it otherwise would have to object to disclosing or
19 producing any information or item on any ground not addressed in this Stipulated Protective Order.
20 Similarly, no Party waives any right to object on any ground to use in evidence of any of the material
21 covered by this Protective Order.
22
23 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
24 DATED:  July 20, 2005                              PRESTON GATES & ELLIS LLP
25
26                                                   By  /s/
27                                                      Janine D. Bloch
                                                      Attorneys for Plaintiff
28                                                   Socle Technology Corporation

1  DATED: July 19, 2005                         HALLISEY AND JOHNSON
                                                A PROFESSIONAL CORPORATION

                                                By /s/_____
                                                    John St. John
                                                Attorneys for Defendant
                                                Mai Logic Logic, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: July 27 , 2005          _____
                               ELIZABETH D. LAPORTE
                               United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirely and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____[date] in the case of Socle Technology Corporation v. Mai Logic and counterclaim, United States District Court for the Northern District of California, Case No. C 04 5498 EDL.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
           [printed name]

Signature: _____
           [signature]

K:\52352\00001\DL1B\DL1BP22H2==0726 STIPULATED PROTECTIVE ORDER.DOC