Janine D. Bloch, (SBN 148377)
D. Lilah Blinder, (SBN 203594)
PRESTON GATES & ELLIS LLP
55 Second Street, Suite 1700
San Francisco, California  94105-3493
Telephone:   (415) 882-8200
Facsimile:    (415) 882-8220

Attorneys for Plaintiff
Socle Technology Corporation, a corporation
organized and existing under the laws of Taiwan

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Socle Technology Corporation,  a corporation organized and existing under the laws of Taiwan,<br><br>                                        Plaintiff,<br><br>          v.<br><br>Mai Logic, Inc., a California Corporation,<br><br>                                        Defendant. | Case No. C 04 5498 EDL<br><br>**FIRST AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| Mai Logic, Inc.<br>                              Counterclaimant,<br><br>          v.<br><br>Socle Technology Corporation,<br>                              Counterdefendant. | |

WHEREAS, it is desirable for Plaintiff Socle Technology Corporation ("Socle") and

Defendant Mai Logic, Inc. ("Mai Logic") (collectively referred to herein as the "Parties"), and their

respective counsel, to coordinate their efforts and to exchange information for purposes of this

lawsuit, United States District Court, Northern District of California Case No. C 04 5498 EDL ARB

(the "Litigation"); and

1  WHEREAS, information and documents which may be sought in connection with the

2  Litigation are of a confidential nature including but not limited to financial and proprietary

3  information of the Parties and/or third parties;

4      1.   <u>PURPOSES AND LIMITATIONS</u>

5      Disclosure and discovery activity in this action are likely to involve production of

6  confidential, proprietary, or private information for which special protection from public disclosure

7  and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly,

8  the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

9  Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures

10  or responses to discovery and that the protection it affords extends only to the limited information or

11  items that are entitled under the applicable legal principles to treatment as confidential. The Parties

12  further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement

13  to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must

14  be followed and reflects the standards that will be applied when a party seeks permission from the

15  court to file material under seal.

16      2.   <u>DEFINITIONS</u>

17      2.1   <u>Party or Parties</u>; any party to this action, including all of its officers, directors,

18  employees, consultants, retained experts, and outside counsel (and their support staff).

19      2.2   <u>Disclosure or Discovery Material</u>; all items or information, regardless of the

20  medium or manner generated, stored, or maintained (including, among other things, testimony,

21  transcripts, or tangible things) that are produced or generated in disclosures or responses to

22  discovery in this matter.

23      2.3   <u>"Confidential" Information or Items</u>; information (regardless of how

24  generated, stored or maintained) or tangible things that qualify for protection under standards

25  developed under F.R.Civ.P. 26(c).

26      2.4   <u>"Highly Confidential - Attorneys' Eyes Only" Information or Items</u>;

27  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-

28

---

1  party would create a substantial risk of serious injury that could not be avoided by less restrictive

2  means.

3              2.5      Receiving Party: a Party that receives Disclosure or Discovery Material from

4  a Producing Party.

5              2.6      Producing Party: a Party or non-party that produces Disclosure or Discovery

6  Material in this action.

7              2.7.     Designating Party: a Party or non-party that designates information or items

8  that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential

9  – Attorneys' Eyes Only."

10             2.8      Protected Material: any Disclosure or Discovery Material that is designated as

11  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

12             2.9.     Outside Counsel: attorneys who are not employees of a Party but who are

13  retained to represent or advise a Party in this action.

14             2.10     House Counsel: attorneys who are employees of a Party.

15             2.11     Counsel (without qualifier): Outside Counsel and House Counsel (as well as

16  their support staffs).

17             2.12     Expert: a person with specialized knowledge or experience in a matter

18  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

19  witness or as a consultant in this action and who is not a past or a current employee of a Party or of a

20  competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of

21  a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant

22  retained in connection with this litigation.

23             2.13     Professional Vendors: persons or entities that provide litigation support

24  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

25  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

26  subcontractors.

27

28

---

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must make reasonable efforts to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that

1  contains protected material. If only a portion or portions of the material on a page qualifies for

2  protection, the Producing Party also must clearly identify the protected portion(s) and must specify,

3  for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

4  CONFIDENTIAL – ATTORNEYS' EYES ONLY").

5         A Party or non-party that makes original documents or materials available for inspection

6  need not designate them for protection until after the inspecting Party has indicated which material it

7  would like copied and produced. During the inspection and before the designation, all of the material

8  made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

9  EYES ONLY."  After the inspecting Party has identified the documents it wants copied and

10 produced, the Producing Party must determine which documents, or portions thereof, qualify for

11 protection under this Order, then, before producing the specified documents, the Producing Party

12 must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

13 ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a

14 portion or portions of the material on a page qualifies for protection, the Producing Party also must

15 clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and

16 must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or

17 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

18              (b) for testimony given in deposition or in other pretrial or trial proceedings,

19 that the Party or non-party offering or sponsoring the testimony identify on the record, before the

20 close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any

21 portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22 ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to

23 protection, and when it appears that substantial portions of the testimony may qualify for protection,

24 the Party or non-party that sponsors, offers, or gives the testimony may have 20 days to identify the

25 specific portions of the testimony as to which protection is sought and to specify the level of

26 protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

27 EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection

28 within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

1      Transcript pages containing Protected Material must be separately bound by the court

2 reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY

3 CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering

4 or sponsoring the witness or presenting the testimony.

5      (c) for information produced in some form other than documentary, and for

6 any other tangible items that the Producing Party affix in a prominent place on the exterior of the

7 container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information

9 or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

10 portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys'

11 Eyes Only."

12      5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure

13 to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

14 Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under

15 this Order for such material. If material is appropriately designated as "Confidential" or "Highly

16 Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

17 on timely notification of the designation, must make reasonable efforts to assure that the material is

18 treated in accordance with the provisions of this Order.

19      6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

20      6.1   <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's

21 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

22 economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

23 its right to challenge a confidentiality designation by electing not to mount a challenge promptly

24 after the original designation is disclosed.

25      6.2   <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating

26 Party's confidentiality designation must do so in good faith and must begin the process by conferring

27 with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis

28 for its belief that the confidentiality designation was not proper and must give the Designating Party

1  an opportunity to review the designated material, to reconsider the circumstances, and, if no change

2  in designation is offered, to explain the basis for the chosen designation. A challenging Party may

3  proceed to the next stage of the challenge process only if it has engaged in this meet and confer

4  process first.

5      6.3    Judicial Intervention. A Party that elects to press a challenge to a

6  confidentiality designation after considering the justification offered by the Designating Party may

7  file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

8  applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.

9  Each such motion must be accompanied by a competent declaration that affirms that the movant has

10  complied with the meet and confer requirements imposed in the preceding paragraph and that sets

11  forth with specificity the justification for the confidentiality designation that was given by the

12  Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge

13  proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall

14  continue to afford the material in question the level of protection to which it is entitled under the

15  Producing Party's designation.

16     7.    ACCESS TO AND USE OF PROTECTED MATERIAL

17     7.1    Basic Principles. A Receiving Party may use Protected Material that is

18  disclosed or produced by another Party or by a non-party in connection with this case only for

19  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

20  disclosed only to the categories of persons and under the conditions described in this Order. When

21  the litigation has been terminated, a Receiving Party must comply with the provisions of section 11,

22  below (FINAL DISPOSITION).

23     Protected Material must be stored and maintained by a Receiving Party at a location and in a

24  secure manner that ensures that access is limited to the persons authorized under this Order.

25     7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

26  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

27  disclose any information or item designated CONFIDENTIAL only to:

28

1          (a) the Receiving Party's Outside Counsel of record in this action, as well as

2  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

3  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

4  hereto as Exhibit A;

5          (b) the officers, directors, employees (including House Counsel) and former

6  employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and

7  who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

8          (c) experts (as defined in this Order) of the Receiving Party to whom

9  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

10  Bound by Protective Order" (Exhibit A);

11          (d) the Court and its personnel;

12          (e) court reporters, their staffs, and professional vendors to whom disclosure is

13  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

14  Protective Order" (Exhibit A);

15          (f) during their depositions, witnesses in the action to whom disclosure is

16  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

17  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

18  Protected Material must be separately bound by the court reporter and may not be disclosed to

19  anyone except as permitted under this Stipulated Protective Order.

20          (g) the author and/or recipient of the document or the original source of the

21  information.

22       7.3    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

23  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

24  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

25  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

26          (a) the Receiving Party's Outside Counsel of record in this action, as well as

27  employees of said Counsel to whom it is reasonably necessary to disclose the information for this 21

28

1  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

2  hereto as Exhibit A;

3            (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably

4  necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective

5  Order" (Exhibit A);

6            (c) the Court and its personnel;

7            (d) court reporters, their staffs, and professional vendors to whom disclosure

8  is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

9  Protective Order" (Exhibit A); and

10            (e) the author and/or recipient of the document or the original source of the

11  information.

12       8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

13  <u>OTHER LITIGATION.</u>

14       If a Receiving Party is served with a subpoena or an order issued in other litigation that

15  would compel disclosure of any information or items designated in this action as

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the

17  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

18  and in no event more than three court days after receiving the subpoena or order. Such notification

19  must include a copy of the subpoena or court order.

20       The Receiving Party also must immediately inform in writing the Party who caused the

21  subpoena or order to issue in the other litigation that some or all the material covered by the

22  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

23  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

24  caused the subpoena or order to issue.

25       The purpose of imposing these duties is to alert the interested parties to the existence of this

26  Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

27  confidentiality interests in the court from which the subpoena or order issued. The Designating Party

28  shall bear the burdens and the expenses of seeking protection in that court of its confidential material

1  - and nothing in these provisions should be construed as authorizing or encouraging a Receiving

2  Party in this action to disobey a lawful directive from another court.

3       9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

6  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

7  disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

8  person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

9  (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

10  that is attached hereto as Exhibit A.

11       10.    FILING PROTECTED MATERIAL. Without written permission from the

12  Designating Party or a court order secured after appropriate notice to all interested persons, a Party

13  may not file in the public record in this action any Protected Material. A Party that seeks to file

14  under seal any Protected Material must comply with Civil Local Rule 79-5.

15       11.    FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the

16  Producing Party, within sixty days after the final termination of this action, each Receiving Party

17  must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected

18  Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or

19  capturing any of the Protected Material. With permission in writing from the Designating Party, the

20  Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether

21  the Protected Material is returned or destroyed, the Receiving Party must submit a written

22  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

23  by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material

24  that was returned or destroyed and that affirms that the Receiving Party has not retained any copies,

25  abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected

26  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

27  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

28  even if such materials contain Protected Material. Any such archival copies that contain or constitute

1  Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION),

2  above.

3      12    MISCELLANEOUS

4          12.1    Right to Further Relief. Nothing in this Order abridges the right of any

5  person to seek its modification by the Court in the future.

6          12.2    Right to Assert Other Objections. By stipulating to the entry of this

7  Protective Order no Party waives any right it otherwise would have to object to disclosing or

8  producing any information or item on any ground not addressed in this Stipulated Protective Order.

9  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material

10  covered by this Protective Order.

11

12  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13  DATED: October ___, 2005                 PRESTON GATES & ELLIS LLP

14

15                                          By _____

16                                             Janine D. Bloch
                                               Attorneys for Plaintiff
17                                             Socle Technology Corporation

18

19

20  DATED: October 21, 2005                 LAW OFFICES OF MARC P. FAIRMAN

21

22                                          By _____

23                                             Marc P. Fairman
                                               Attorneys for Defendant
24                                             Mai Logic Logic, Inc.

25

26

27

28

FIRST AMENDED STIPULATED PROTECTIVE ORDER          11          Printed on Recycled Paper
Case No. C 04 5498 EDL

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3  DATED:  October 27, 2005

                                                   _____
4                                                  ELIZABETH D. LAPORTE
                                                   United States Magistrate Judge

*IT IS SO ORDERED*
*Elizabeth D. Laporte*
*Judge Elizabeth D. Laporte*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirely and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____[date] in the case of Socle Technology Corporation v. Mai Logic and counterclaim, United States District Court for the Northern District of California, Case No. C 04 5498 EDL.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
              [printed name]

Signature: _____
           [signature]

K:\52352\00001\DL1B\DL1BP22JJ==FIRST AMENDED STIPULATED PROTECTIVE ORDE.DOC

---

FIRST AMENDED STIPULATED PROTECTIVE ORDER        13                    Printed on Recycled Paper
Case No. C 04 5498 EDL